**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, November 6, 2019**     **Hearing Room**    **301**

<u>9:30 AM</u>
**1:19-10795**    **Jeffrey Charles Yellin**     **Chapter 13**

   **#2.00**    Motion for relief from stay [RP]

        LAKEVIEW LOAN SERVICING, LLC
        VS
        DEBTOR

        fr. 10/16/19

                           Docket     38

**Judge:**

   Grant.

     **I.**      **BACKGROUND**

On April 3, 2019, Jeffrey C. Yellin ("Debtor") filed a voluntary chapter 13 petition. In his schedule A/B [doc. 1], Debtor listed an interest in real property located at 6603 Smoke Tree Avenue, Oak Park, California 91377 (the "Property"). In his schedule D [doc. 1], Debtor indicated that "Lakeview Loan Servicing, LLC" holds a claim secured by the Property in the amount of $489,021.92.

On June 11, 2019, Lakeview Loan Servicing, LLC ("Movant") filed claim 8-1 (the "Claim"). In the Claim, Movant indicates that it holds a claim secured by the Property in the amount of $491,934.87.

On September 5, 2019, the Court entered an order confirming Debtor's fourth amended chapter 13 plan [docs. 26 and 35]. Debtor's confirmed chapter 13 plan provides for payment of $47,934.87 in arrears to "Lakeview Loan Servicing, LLC/Flagstar Bank, FSB."

On September 25, 2019, Movant filed a motion for relief from the automatic stay regarding the Property (the "Motion") [doc. 38]. In the Declaration of Jamie Troester filed with the Motion (the "Declaration"), Movant represents that Debtor owes $12,478.80 in postpetition arrears and that Debtor's last postpetition payment was received in May 2019.

Also in the Declaration, Movant represents that it has physical possession of the

# United States Bankruptcy Court
## Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, November 6, 2019**                                                          **Hearing Room      301**

<u>9:30 AM</u>
**CONT...      Jeffrey Charles Yellin                                                                 Chapter 13**

promissory note ("Note") dated February 12, 2016 between DLJ Financial, Inc. ("DLJ") and Debtor, which is attached as an Exhibit [Exh. 1]. Attached to the Note is a blank indorsement stating "PAY TO THE ORDER OF" with the recipient left blank, signed by an individual named Melinda McNeal (the "Blank Indorsement"). The Blank Indorsement is not dated. In relevant part, the Note states that "the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Note, p. 1.

Also attached to the Motion, and discussed in the Declaration, is a deed of trust (the "DOT"), recorded February 19, 2016 and signed by Debtor [Exh. 2]. The DOT listed DLJ as the lender. Debtor signed the last page of the DOT. In relevant part, the DOT reads—

>"Lender" is DLJ Financial, Inc.
>
>…
>
>"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary und this Security Instrument.
>
>…
>
>"Note" means the promissory note signed by [Debtor] and dated February 12, 2016.
>
>…
>
>TRANSFER OF RIGHTS IN PROPERTY
>
>The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. … [Debtor] understands and agrees that MERS holds only legal title to the interests granted by [Debtor] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property….

DOT, pp. 2-3. In addition, the DOT states that the Note "can be sold one or more times without prior notice to [Debtor]." DOT, p. 10.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, November 6, 2019**                                                                                          **Hearing Room    301**

<u>9:30 AM</u>
**CONT...        Jeffrey Charles Yellin                                                                                     Chapter 13**

The Declaration also discusses an Assignment of Deed of Trust (the "Assignment") [Exh. 3], which is attached to the Motion. Through the Assignment, dated August 23, 2018 and recorded on August 23, 2018, MERS, as nominee for DLJ, transferred "all rights, title and interest" in the DOT.

On October 24, 2019, Debtor belatedly filed an opposition to the Motion (the "Opposition") [doc. 44]. In the Opposition, Debtor does not dispute that he has not made the identified postpetition deed of trust payments, nor does he dispute the amount of postpetition arrears. Instead, Debtor argues, among other things, that Movant does not have standing to seek relief from the automatic stay. Debtor also challenges the Assignment and alleges that the Assignment is void.

In the Opposition, Debtor also indicates that he intends to file an objection to the Claim. As of November 1, 2019, no such objection to the Claim has been filed.

**II.        DISCUSSION**

*A.  Movant's Standing to Bring the Motion*

Under the California Commercial Code, the "person entitled to enforce" an instrument means: (a) the holder of the instrument, (b) a non-holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to sections 3309 or 3418(d). Cal. Com. Code § 3301; *In re Lee*, 408 B.R. 893, 899 (Bankr. C.D. Cal. 2009); *In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal. 2008). A person or entity in possession of an instrument is the holder of the instrument if the instrument is payable to that person or entity, or payable to the bearer. Cal. Com. Code § 1201(b)(21). An instrument is payable to the bearer if it does not state a payee or it is "indorsed in blank." Cal. Com. Code §§ 3109(a)(2), 3109(c), 3201(b) & 3205(b).

Here, to the Motion, Movant attached the Note with the Blank Indorsement. As a holder of an instrument payable to the bearer, as defined above, Movant is a "person entitled to enforce" the Note, and the Note need not be specifically indorsed to Movant. Accordingly, Movant has standing to bring the Motion.

*B.  Borrower Standing to Challenge Assignments*

"[B]oth the Supreme Court and [the Ninth Circuit Court of Appeals] have held that

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, November 6, 2019**  **Hearing Room  301**

9:30 AM
**CONT...    Jeffrey Charles Yellin**  **Chapter 13**

whether or not the parties raise the issue, 'federal courts are *required* sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001) (emphasis in *D'Lil*); *see also United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

>  Under California law—
>
>  [A] borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice to the borrower. (*Creative Ventures, LLC v. Jim Ward & Associates* (2011) 195 Cal.App.4th 1430, 1445–1446, 126 Cal.Rptr.3d 564.) The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment.

*Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 927 (2016). In *Yvanova*, the California Supreme Court carved out a narrow exception to the general rule that a borrower does not have standing to challenge an assignment of a note and deed of trust. *Id.*, at 924. The *Yvanova* court held that a borrower does not lack standing to challenge an assignment "*if* (1) the trustee's sale has completed and (2) the borrower properly alleges that the assignment is void, not merely voidable." *Kaurloto v. U.S. Bank, N.A.* (2016 WL 6808117, at *3) (C.D. Cal. Nov. 17. 2016) (citing *Yvanova*, 62 Cal.4th at 924).

Here, Debtor alleges that Movant commenced foreclosure proceedings prepetition. However, a foreclosure sale did not take place.

Courts are split regarding whether borrowers have standing before a foreclosure occurs. Nevertheless, a vast majority of courts appear to agree that borrowers do not have standing before a completed foreclosure sale. After *Yvanova*, a California appellate court decided *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808 (Ct. App. 2016). In *Saterbak*, the deed of trust named MERS as the beneficiary "solely as nominee for Lender and Lender's successors and assigns." *Saterbak*, 245 Cal.App.4th at 811. The deed of trust stated that MERS had the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the" subject real property. *Id*. Subsequently, MERS executed an assignment of the deed of trust to Citibank, N.A. ("Citibank"). The plaintiff defaulted on her mortgage

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, November 6, 2019**                                                                                              **Hearing Room    301**

<u>9:30 AM</u>
**CONT...        Jeffrey Charles Yellin                                                                                                      Chapter 13**

payments, and Citibank substituted and appointed National Default Servicing Corporation ("NDS") as trustee under the deed of trust. *Id*., at 812.  NDS recorded a notice of default followed by a notice of trustee's sale, scheduling a foreclosure sale. *Id*.

The plaintiff then filed a lawsuit alleging that the assignment from MERS to Citibank was invalid, including an allegation that the signature on the assignment was robo-signed. *Id*.  The trial court dismissed the plaintiff's complaint, and the plaintiff appealed. *Id*.  On appeal, the court held that California courts do not allow lawsuits to halt foreclosures "because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" *Id*., at 814 (quoting *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 513 (Ct. App. 2013)).  In assessing the impact of *Yvanova* on this law, the *Saterbak* court stated that "*Yvanova*'s ruling is expressly limited to the post-foreclosure context." *Id*., at 815.  Because the foreclosure had not yet occurred in *Saterbak*, the court held that the plaintiff did not have standing to challenge the assignment of the deed of trust. *Id*.

"With the exception of four decisions, every decision by our court of appeals and district courts in our circuit has declined to extend *Yvanova* to pre-foreclosure challenges, thereby adopting *Saterbak* and its progeny." *Wyman v. First Am. Title Ins. Co.*, 2017 WL 512869, at *3 (N.D. Cal. Feb. 8, 2017) (aggregating cases).  Of particular note, although unpublished, the only decisions by the Ninth Circuit Court of Appeals addressing this issue after *Yvanova* have held that *Yvanova* does not confer standing on borrowers to challenge assignments before a foreclosure sale has occurred. *See, e.g. Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513, 517 (9th Cir. 2018) ("Nothing about *Yvanova* suggests that, contrary to longstanding precedent on this point, California now allows an action for wrongful foreclosure before a foreclosure takes place."); *Yagman v. Nationstar Mortgage, LLC*, 699 F. App'x 635 (9th Cir. 2017) ("*Yvanova* provides no assistance to [the borrower]; his property has not been subject to a nonjudicial foreclosure. As we have in the past, we join the majority of courts that have declined to extend *Yvanova*.") (citing, *inter alia*, *Saterbak*, 245 Cal.App.4th 808).  California courts appear to be in agreement. *See Shetty v. ARLP Securitization Tr. Series 2014-2*, 2017 WL 8220702, at *9 (C.D. Cal. Jan. 19, 2017) (aggregating California cases). Consequently, *pre*-foreclosure, Debtor does not have standing to challenge the Assignment.

     *C.  The Motion*

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, November 6, 2019**                                                                 **Hearing Room    301**

<u>9:30 AM</u>
**CONT...        Jeffrey Charles Yellin                                                                              Chapter 13**

"Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion." *In re Cini*, 2012 WL 2374224, at *9 (Bankr. D. Mont. June 22, 2012); *see also Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985).

In this case, there is cause to grant relief from stay; Debtor has failed to make all required postpetition payments due under the Note. In the Motion and the Declaration, Movant represents that Debtor owes $12,478.80 in postpetition arrears. Debtor does not contest his failure to make these postpetition payments. Accordingly, the Court will grant the Motion.

### III.    CONCLUSION

In accordance with the foregoing, the Court will grant relief from stay pursuant to 11 U.S.C. § 362(d)(1).

Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.

Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

Movant must submit the order within seven (7) days.

| **Party Information** |
|---|

**Debtor(s):**

   Jeffrey Charles Yellin                                                Represented By
          Jeffrey J Hagen

**Movant(s):**

   Lakeview Loan Servicing, LLC                              Represented By
          Cassandra J Richey
          Darlene C Vigil

## United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, November 6, 2019**                                    **Hearing Room    301**

<u>9:30 AM</u>
**CONT...    Jeffrey Charles Yellin**                                                        **Chapter 13**

   **Trustee(s):**
      Elizabeth (SV) F Rojas (TR)                Pro Se